UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALFRED RILEY,
          Plaintiff,

     v.                                 Case No. 05C1345

JAMES DOYLE, HELENE NELSON,
STEVE WATTERS, STEVE SCHNEIDER,
DAVID THORNTON, WENDY NORDBERG,
TONY ASSID, STEVE HAMILTON, BYRAN
BARTOW, MARIO CANZIANI, TOM SPEECH,
BOB WHITTAKER, DIANE FERGOT, DR. JOHN
JONES, WANDA BALDWIN, WISCONSIN
STATE LEGISLATIVE COUNSEL, TERRY GABLE,
JOHN DOE, and JANE DOE,
          Defendants.

## DECISION AND ORDER

Plaintiff Alfred Riley, a pro se litigant, has filed an action under 42 U.S.C. § 1983 alleging that his constitutional rights are being violated by certain of defendants' activities occurring at the Sand Ridge Secure Treatment Center. Plaintiff requested leave to proceed in forma pauperis and on January 4, 2006, I ordered plaintiff to file an affidavit of indigence. Plaintiff has filed the required affidavit and thus, I will now consider his request to proceed in forma pauperis.

Ordinarily, a plaintiff must pay a statutory filing fee of $250 to bring an action in federal court, but a plaintiff may request leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal

Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Upon review of plaintiff's affidavit of indigence, I am satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff states that is not employed and has no other income. Moreover, plaintiff states that he has no assets.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services, 65 Fed. Reg. 47,859, at 47,862 (Aug. 4, 2000) (to be codified at 28 C.F.R. §§ 0.114(a)(2), (a)(3)). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendants or his counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 17 day of February, 2006.

/s_____
LYNN ADELMAN
District Judge

3